UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. EVANS,<br><br>    Plaintiff,<br><br>  v.<br><br>ELAINE CHAO,<br>Secretary, U.S. Dept. of Labor<br><br>    Defendant. | Civil Action 04-00849 (HHK) |

MEMORANDUM OPINION AND ORDER

Barbara A. Evans ("Evans"), a female employee of the U.S. Department of Labor, Office of the Inspector General, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e, *et seq.*, against Elaine Chao, Secretary for the U.S. Department of Labor ("DOL"), in her official capacity only. Evans alleges that, because of her gender, she has been improperly denied promotion and that, following her initiation of grievance proceedings, she has been subjected to retaliatory harassment and mistreatment. Before the court is DOL's "Motion to Dismiss in Part, or in the Alternative, Motion for Summary Judgment in Part" (Dkt. #31). Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the DOL's motion must be denied.

I.  FACTUAL BACKGROUND

Evans was hired by the DOL, Office of the Inspector General, on September 23, 2001, to work as an Information Technology Specialist, a GS-11 level position. According to Evans,

when she first joined the DOL she was informed that she had the potential to advance to the GS-12 level without competition provided that she met the "time in grade requirements and demonstrated ability to do the job at the GS-11 level." Am. Compl. ¶ 10.  Because Evans had previous experience at the Department of Commerce, she asserts that she satisfied the "time in grade" requirement, and therefore only needed to demonstrate her proficiency at the GS-11 level for one year in order to gain promotion eligibility.

On August 6, 2002, Mr. Eugene McCoy ("McCoy"), a manager in Evans's department, presented Evans with a performance evaluation that rated her "fully successful."  Am. Compl. ¶ 18.  Shortly thereafter and despite what Evans thought was a positive evaluation, McCoy issued Evans a Performance Improvement Plan on September 30, 2002.  Evans asserts that this Performance Improvement Plan was a pretext to justify the denial of her non-competitive promotion to the GS-12 level, which took place this same month.[1]

Evans asserts that she was the only female supervised by McCoy, and that she was similarly the only individual issued a Performance Improvement Plan.  In addition, Evans alleges that McCoy required her to complete assigned tasks in a shorter amount of time than her male peers, and assigned her tasks that individuals at a higher GS-level—and with more experience— could not complete.

Evans filed an EEO complaint detailing the aforementioned conduct, and in response, Mr. Marcus A. Worsley ("Worsley") replaced McCoy as Evans's supervisor.  Worsley, however, was among the management officials identified in Evans's complaint as "responsible for supporting

---

[1] Evans also seeks relief for the denial of promotion to this same position in September 2003, and September 2004.

and conspiring with Mr. McCoy to create false allegations concerning performance." Am. Compl. ¶ 28. As a result, Evans believes that Worsley retaliated against her because of his inclusion in her EEO complaint.

Evans maintains that Worsley's retaliation took many forms, including the requirement that she complete an Individual Development Plan, something not required of Evans's male counterparts. When Evans questioned the need for the Individual Development Plan, Worsley allegedly replied, "You want your promotion don't you?" Am. Compl. ¶ 29. In addition, Evans asserts that Worsley has, among other things, suggested that Evans move back to the cubicle she occupied while under McCoy's supervision, denied her requests to take training classes, removed her name from consideration for the DOL's Student Loan Repayment Program, increased her workload relative to those of her male coworkers, given her work beyond her level of experience, and failed to timely provide the components of her performance reviews.

The DOL now moves to dismiss Evans's amended complaint in part, or in the alternative, for partial summary judgment.[2]

## II. ANALYSIS

The DOL moves to dismiss Evans's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3), arguing that Evans failed to exhaust her administrative remedies with respect to her claims of "denial of career-ladder promotions" and "harassing retaliatory actions."

---

[2] The court notes that the DOL's alternative motion for summary judgment is limited to the issue of exhaustion of administrative remedies. *See* Def.'s Mot. at 2.

As a preliminary matter, the court acknowledges that the DOL is indeed correct that plaintiffs must exhaust their administrative remedies before bringing a civil action pursuant to Title VII. Filing a timely administrative charge is a prerequisite to prosecuting a Title VII claim in district court. *See, e.g., Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985). An employee complaining of discrimination must consult an Equal Employment Opportunity ("EEO") counselor within 45 days of the date of the allegedly discriminatory action in an attempt to informally resolve the matter. *See* 29 C.F.R. § 1614.105(a)(1). Generally, discrimination claims alleging conduct that occurred more than 45 days prior to the initiation of administrative action are barred in a subsequent action before the court. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001); *Valentino v. United States Postal Serv.*, 674 F.2d 56, 65 (D.C. Cir. 1982). If EEO counseling is unsuccessful in resolving the matter, the employee must then file a formal complaint with the agency within fifteen days of receipt of a notice of her right to file from the EEO counselor upon their last meeting to preserve her right to proceed in court. *See* 29 C.F.R. § § 1614.105(d), 1614.106(b); *Kizas v. Webster*, 707 F.2d 524, 543 (D.C. Cir. 1983).

The court will now address defendant's specific contentions.

**A.  Promotion Claims**

The crux of the allegedly discriminatory conduct to which Evans asserts she was subjected was the DOL's refusal to promote her to a GS-12 level position; specifically, it is the failure to promote Evans in September 2002 that served as the impetus for the initial filing of this action. With respect to this claim, there is no dispute that all administrative remedies have been exhausted.

In Evans's amended complaint, however, she also seeks relief for two subsequent failed attempts at promotion. As stated in her complaint, Evans believes that "the Agency has annually denied Ms. Evans the career ladder promotions she deserves." Compl. ¶ 26. It is these two denied promotions, in September 2003 and September 2004, that the DOL argues have not been properly exhausted.

To the extent that these failed promotions serve as the basis for independent claims of discrimination, the DOL is correct.[3] The record reflects that Evans's second administrative complaint was lodged in April 2003, *see* Pl. Opp., Ex. 15 ("Informal Discrimination Complaint,"

---

[3] Evans's opposition suggests that the denied promotions may be subsumed within her retaliatory hostile work environment claims. Evans cites *Gibson v. Office of the Architect of the Capitol*, 2002 WL 32713321 (D.D.C. Nov. 19, 2002), for the proposition that a failure to promote maybe be considered as an act contributing to a hostile work environment claim, however, the court does not agree with Evans's characterization of the law. The court in *Gibson* itself acknowledged that "plaintiff's hostile work environment claim appears to be an attempt to dress up his non-selection claim in different clothing," *Id.* at *7 n.11 (quotations omitted), and ultimately held that the plaintiff's hostile work environment claim had not been adequately exhausted. *Id.* at *9. The court did not, however, explicitly address the propriety of including the plaintiff's non-selection claims under the auspices of a hostile work environment claim.

Courts that have squarely addressed the issue have found that independently actionable claims of discrimination may not also be characterized as a fragment of a hostile work environment claim in order to avoid filing requirements, *see, e.g., Celestine v. Petroleos De Venezuela SA,* 108 Fed.Appx. 180, 186 n.8 (5th Cir. 2004) ("[a] one-time employment event, including the failure to hire, promote, or train . . . is the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued . . . . [These] discrete adverse actions, although racially motivated, cannot be lumped together with the day-to-day pattern of racial harassment and therefore, if otherwise untimely, cannot be saved by the continuing violation doctrine.") (quotations omitted); *Keeley v. Small*, 391 F. Supp. 2d 30, 51 (D.D.C. 2005) ("The remainder of plaintiff's alleged 'hostile' events are the very employment actions he claims are retaliatory; he cannot so easily bootstrap alleged retaliatory incidents into a broader hostile work environment claim."). The court agrees with these decision, and believes that finding otherwise would undermine the force of Congressionally mandated filing requirements. Accordingly, the court holds that Evans may not include the otherwise unexhausted claims of denial of promotion within her claim of a retaliatory hostile work environment.

dated April 14, 2003), significantly more than 45 days after the September 2003 denial of promotion. Similarly, Evans's third administrative complaint was filed March 18, 2004, *See* Pl. Opp., Ex. 30 ("Informal Discrimination Complaint," dated March 18, 2004), more than 45 days after the September 2004 denial of promotion.

In an attempt to avoid dismissal of these promotion claims, Evans argues that there would be no prejudice to the DOL is she "were allowed discovery on the Agency's annual decision to deprive Ms. Evans of the career advancement she has earned . . . ." Pl. Opp. at 33. The issues presented here, however, do not relate to discovery, nor to the extent to which the defendant would be prejudiced by permitting Evans to pursue the 2003 and 2004 claims.

A finding of prejudice to a defendant is not a necessary predicate to a dismissal for failure to exhaust one's administrative remedies. Rather, the procedural requirements governing Evans's right to bring a Title VII claim reflect a Congressional decision as to how discrimination cases should be managed. "[I]t is part and parcel of the Congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." *Kizas*, 707 F.2d at 544. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985). Moreover, the exhaustion requirements permit an employer to investigate claims of discrimination promptly, before evidence becomes stale. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 256–57 (1980).

Because Evans failed to exhaust her administrative remedies, the DOL's motion to dismiss any claims arising from Evans's denial of promotion in September 2003 and September 2004 is granted.

B. **Retaliation Claims**

The DOL maintains that Evans has also failed to exhaust her claims of retaliation. While the DOL acknowledges that Evans filed two administrative complaints following her initial complaint concerning discrimination in promotion, the DOL does not believe that these administrative complaints encompassed the entirety of the retaliatory acts included in Evans's amended complaint.

According to the DOL, Evans added "a multitude of claims based on acts of retaliation" to her amended complaint. Pl. Mot. at 18. Among these alleged acts of discrete retaliation are Worsley's demand that Evans complete an Individual Development Plan, Am. Compl. ¶ 29; Worsley's failure to timely respond to Evans's request to change her 2003 performance review, Am. Compl. ¶ 34; Worsley's decision to place Evans in charge of the "CORS" computer system without providing adequate training or the proper "standard operating procedures," Am. Compl. ¶ 35; Worsely's refusal to permit Evans to participate in certain training sessions, Am. Compl. ¶¶ 49, 51; and Worsley's failure to inform Evans that "due to dangerous construction inside the office" she was permitted to work at another location or telecommute from home, Am. Compl. ¶ 50. Because the DOL believes that each of these acts is a discrete act of retaliation, it argues that each act was required to be independently exhausted.

Evans responds that only one claim was added to her amended complaint—the creation of a hostile work environment in retaliation for engaging in protected EEO activity. Evans argues that the aforementioned acts are merely components of this hostile work environment claim, and thus, not individually subject to the exhaustion requirement. In support of her contention, Evans looks to *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002), in which the Supreme Court held that, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)).

The DOL concedes that Evans exhausted at least one of the acts that Evans contends contributed to the creation of a hostile work environment—Worsley's alleged demand that Evans complete an Individual Development Plan, Def.'s Reply at 11—and that "*if* Plaintiff has adequately pled . . . an actionable hostile work environment that encompasses all of the acts that she added in her First Amended Complaint, then the exhaustion of the April 2003 IDP claim is, pursuant to the second part of the *Morgan* holding, sufficient administrative exhaustion to permit the entire hostile work environment claim to proceed."[4] *Id.*

The question presented then, is whether an actionable hostile work environment claim has indeed been pled. In addressing this question, the court notes that to survive a motion to dismiss,

---

[4] Notwithstanding the DOL's concession, the court takes this opportunity to confirm the defendant's description of the applicable law. Evans exhausted at least one of the acts contributing to her hostile work environment claim and is therefore not required to separately exhaust each and every affront that constitutes her claim in order for these actions to remain before the court. *See Graham v. Gonzales*, 2005 WL 3276180, at *7 (D.D.C. Sept. 30, 2005) ("[A]lthough [the plaintiff's] constructive discharge claims cannot stand alone to support a Title VII race or retaliation claim because he did not exhaust his mandatory administrative remedies, the facts that plaintiff would have used to support his constructive discharge claims may be considered as incidents supporting the retaliatory hostile work environment claim.").

a complaint need only "'provide a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (citing Fed. R. Civ. P. 8(a)).  And, when reviewing a motion to dismiss, the court must accept as true all the factual allegations contained in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  A motion to dismiss under Rule 12(b)(6) tests not whether a plaintiff will ultimately prevail on the merits, but only whether the plaintiff has properly stated a claim for which she is entitled to relief.  *Woodruff v. DiMario*, 197 F.R.D. 191 (D.D.C. 2000).  Thus, a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley*, 355 U.S. at 45–46.

Giving Evans's amended complaint the liberal reading that it requires, the court finds that a retaliatory hostile work environment claim has been pled.  Though Evans captions the portion of her complaint that raises the retaliatory hostile work environment claim "Retaliatory Harassment for Seeking to Protect Her Rights," the complaint sufficiently indicates that what is in fact being alleged is a retaliatory hostile work environment claim.[5]  There are only two counts included in the amended complaint: "Sex Discrimination in Violation of Title VII," which

---

[5] Evans does use the words "hostile work environment" in paragraph 50 of her amended complaint.  Relying on this language, the DOL asserts that the activity mentioned in paragraph 50—failure to inform Evans that various accommodations were available during a period of construction—is the only activity that Evans cites in support of her hostile work environment allegations.  The court disagrees with the DOL's interpretation of the complaint, and finds that paragraph 50 supports the court's conclusion that the various actions included in the "Retaliatory Harassment for Seeking to Protect Her Rights" portion of the complaint constitute a hostile work environment claim.

presumably relates to the denial of promotion in September 2002; and "Harassment and Retaliation Against Ms. Evans for Engaging in Activities Protected by Title VII," which, the court believes, encompasses the remainder of the conduct described in the amended complaint.[6] Based on this finding, the court denies the DOL's motion with respect to Evans's retaliatory hostile work environment claim.

### III. CONCLUSION

For the aforementioned reasons, it is this 7th day of February, 2006, hereby

**ORDERED** that the DOL's "Motion to Dismiss in Part, or in the Alternative, Motion for Summary Judgment in Part" (Dkt. #31), is **GRANTED** in part and **DENIED** in part.

---

[6] Because the scope of the DOL's motions are limited to the exhaustion of administrative remedies, the court takes no position on whether the conduct described in Evans's complaint is "sufficiently sever or pervasive to alter the conditions of the victim's employment," *Barbour v. Browner*, 181 F.3d 1342, 1347–48 (D.C. Cir. 1999). Moreover, because the factual record in this case is limited by the degree of discovery that has taken place, the court does not believe that resolving such questions—though raised in defendant's reply brief—would be prudent at this juncture. *See Martin v. Malhoyt*, 830 F.2d 237, 256 (D.C. Cir. 1987) (holding that parties should be afforded "a reasonable opportunity to complete discovery before grappling with a summary judgment motion"); *Powell v. Castaneda*, 390 F. Supp. 2d 1, 11 (D.D.C. 2005) (refusing to find that alleged harassment was not "severe or pervasive" when resolving motion to dismiss).